**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

TIMOTHY WISE                                                                                                    PLAINTIFF
ADC #100788

V.                                      NO: 5:10CV00283 JMM/HDY

MARVIN EVANS *et al.*                                                                                    DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

>hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, an inmate at the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, on September 22, 2010. Defendants are ADC Deputy Director Marvin Evans, and William Straughn, Maurice Williams, Verna Brooks, Doe, Latasha Davis-Bledsoe, and Michael Bieber, all of the Tucker Maximum Security Unit.

Plaintiff also made a timely demand for a jury trial; however, before incurring the expense of money and manpower inherent in such a trial, the Court held an evidentiary hearing on June 1, 2011, to determine whether this case should proceed to a jury trial. Pursuant to the standard set forth in *Johnson v. Bi-State Justice Center*, 12 F.3d 133 (8th Cir. 1993), the Court has considered Plaintiff's testimony during the hearing to be true, drawn all appropriate inferences in Plaintiff's favor, and refrained from making any credibility determinations. *Id*. at 135-6. Viewing the evidence presented during the hearing in this light, the Court must now decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party

must prevail as a matter of law." *Id., quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-2 (1986). Considering the evidence introduced at the evidentiary hearing in the manner set forth above, the undersigned makes the following findings:

1.  On February 21, 2010, Plaintiff was asleep in his bunk, when he was assaulted by a fellow inmate named Darrell Woodruff. Woodruff struck Plaintiff multiple times with a metal pipe covering that he had obtained from his work area. As a result of the attack, Plaintiff sustained cuts on his head, but was not given any medical treatment. Plaintiff now suffers from sleeplessness, and ongoing problems from the scarring that resulted from his injuries.

2.  Although Plaintiff filed a grievance regarding the incident, he conceded at the hearing that he only exhausted his administrative remedies with respect to Bieber.

3.  Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). The Eighth Circuit has reaffirmed that the exhaustion process must be fully completed prior to filing suit, and, if not, dismissal is "mandatory." *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003). Because Plaintiff admittedly exhausted his administrative remedies regarding the issues in this complaint only with respect to Bieber, his claims against all other Defendants should be dismissed without prejudice for failure to exhaust his administrative remedies.

4.  Plaintiff testified that he named Bieber as a Defendant because he was in charge of the area the morning Plaintiff was attacked. Plaintiff asserts that the pipe cover should have been welded to the floor, and that Woodruff had to pass multiple security checkpoints, with metal

detectors, before he could get the pipe cover into the housing area. Bieber saw Plaintiff's injuries after the attack, and suggested that Plaintiff should go to the infirmary.

    5.    Plaintiff is in essence claiming that Bieber failed to protect him from Woodruff's attack. In *Farmer v. Brennan*, 511 U.S. 825, 834 (1994), the Court held that, in order for a prisoner to recover against prison officials for failing to protect him, he must prove that: (1) "he [was] incarcerated under conditions posing a substantial risk of serious harm"; and (2) the prison official was deliberately indifferent to that substantial risk of serious harm. In defining deliberate indifference, the Court, in *Farmer,* explained:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; *the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference*.

*Id.* at 837 (emphasis added). Additionally, the Eighth Circuit has explained that this rigorous standard of proof is appropriate because "only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." *Jensen v. Clarke*, 73 F.3d 808, 810 (8th Cir. 1996) (*citing Wilson v. Seiter,* 501 U.S. 294, 297 (1991)). For example, in *Webb v. Lawrence County*, 144 F.3d 1131, 1135 (8th Cir. 1998), the Court held that a plaintiff must show that defendants "actually knew that [the attacker] posed a substantial risk of harm" to the plaintiff.

    Plaintiff introduced no evidence to suggest that Bieber knew that Woodruff posed a substantial risk of harm to him. Plaintiff specifically testified that Woodruff's attack was a surprise, that he had no problems with Bieber prior to the incident, and that Bieber did not intentionally allow the attack. Although Plaintiff had been involved in an altercation with Woodruff the night before, Plaintiff did not alert Bieber to that fact, and Woodruff was not on Plaintiff's enemy alert list before

the assault. Plaintiff testified that he faulted Bieber for negligence in supervising the security staff, and in failing to follow policy.

Bieber cannot be held liable for the actions of subordinates simply because he is their supervisor. *See Otey v. Marshall*, 121 F.3d 1150, 1155 (8th Cir. 1997)(no *respondeat superior* liability for § 1983 violations). Additionally, even though Bieber, or the guards he was supervising, may have been negligent in ensuring security at the unit, negligence is insufficient to establish an Eighth Amendment violation. *See Prater v. Dahm*, 89 F.3d 538, 541-42 (8th Cir.1996) (prisoner did not allege Eighth Amendment violation where complaint alleged no facts from which inference could be made that prison officials actually knew of, and responded unreasonably to, substantial risk of serious harm from another inmate); *Newman v. Holmes*, 122 F.3d 650, 652 (8th Cir.1997) (negligence is not enough to establish Eighth Amendment violation). The mere fact that Plaintiff was held in a maximum security facility is insufficient to establish the deliberate indifference required by *Farmer*. Likewise, Bieber's failure to follow any policy is not actionable. *See Gardner v. Howard*, 109 F. 3d 427, 430 (8th Cir. 1997)(no § 1983 liability for violation of prison policy). Accordingly, Plaintiff's claims against Bieber should be dismissed with prejudice for failure to introduce sufficient evidence to create a fact issue to submit to a jury.

IT IS THEREFORE RECOMMENDED THAT:

1.	Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to introduce sufficient evidence to create a fact issue to be submitted to a jury with respect to his claims against Defendant Michael Bieber.

2.	Plaintiff's complaint be DISMISSED WITHOUT PREJUDICE in all other respects for failure to exhaust his administrative remedies.

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this   1   day of June, 2011.

                                                            UNITED STATES MAGISTRATE JUDGE